J-S42012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARL RICHARD | : | |
| | : | |
| Appellant | : | No. 1155 EDA 2019 |

Appeal from the Order Entered April 4, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005964-2015

BEFORE:  PANELLA, P.J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED OCTOBER 30, 2020**

Carl Richard appeals, *pro se*, from the order dismissing, without a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. For the reasons discussed below, we find the PCRA court properly denied Richard relief and affirm.

On December 11, 2017, Richard entered a negotiated guilty plea to third-degree murder, possession of a firearm by a prohibited person, and possession of an instrument of crime ("PIC"). The trial court imposed the negotiated recommended sentence of twenty-one to forty-five years' incarceration. Richard did not file post-sentence motions or a direct appeal.

On October 10, 2018, Richard filed a timely *pro se* PCRA petition in which he claimed ineffective assistance of plea counsel for advising him to plead guilty to an unconstitutionally vague offense; advising him to accept an illegal

sentence; and failing to present psychiatric and psychological expert testimony. PCRA counsel was appointed who subsequently filed a petition to withdraw and a **Finley**[1] "no merit" letter. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907.

On April 4, 2020, the PCRA court dismissed the petition and permitted counsel to withdraw. The next day, the court received Richard's response to the court's Rule 907 notice. In addition to corresponding claims of PCRA counsel ineffectiveness, Richard raised, for the first time, three new assertions of plea counsel ineffectiveness, including claims that plea counsel failed to: pursue a voluntary manslaughter verdict on the basis of diminished capacity; request a hearing pursuant to **Franks v. Delaware**, 438 U.S. 154 (1978);[2] and challenge false testimony presented by two detectives involved with the case. However, Richard failed to move to amend his PCRA petition to include those claims. Therefore, in a supplemental opinion, the PCRA court found

_____

[1] **See Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In **Franks**, the Supreme Court of the United States held that where a defendant alleges that a material statement in a search warrant application was deliberately false or was made with a reckless disregard for the truth, the defendant is entitled to a hearing on his challenge to the validity of the warrant. **See id**., at 171-172.

those claims waived, and nevertheless meritless.[3] **See** PCRA Court Supplemental Opinion, 4/25/2019, at 2, 5. This timely appeal followed.

Preliminarily, we note Richard's argument in his *pro se* brief is difficult to follow and mostly incomprehensible. While he cites to some authorities, the authorities do not support his actual propositions. Richard states, and in many places wholly repeats, general case law for broad propositions, particularly relating to our standard of review for ineffective assistance of counsel. Throughout most of his discussion, however, he cites little or no specific authority supporting his actual assertions in violation of Pa.R.A.P., Rule 2119. The brief does not adequately give us cases that contain facts related to Richard's particular issues. His arguments are often no more than undeveloped assertions. **See Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006) ("[A]rguments which are not properly developed are waived").

"[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an

---

[3] A response to a notice of intent to dismiss is not, itself, considered a serial petition. **See Commonwealth v. Rykard**, 55 A.3d 1177, 1192 (Pa. Super. 2012). The raising of a new non-PCRA counsel ineffectiveness claim after the PCRA court issued a notice of dismissal still requires that the PCRA court explicitly grant the petitioner leave to amend his petition. **See id**. While Richard was explicitly instructed that he could respond, and by law is authorized to file a response to the court's pre-dismissal notice, in order to properly aver a new non-PCRA counsel ineffectiveness claim, the petitioner must seek leave to amend his petition. **See** Pa.R.Crim.P. 905. Having not sought permission to amend his petition to raise these new claims, the PCRA court was not required to address the issues. For this reason, the PCRA court properly found these issues waived and nevertheless without merit.

appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003) (citation omitted). "[A]ny layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing." ***Commonwealth v. Gray***, 608 A.2d 534, 550 (Pa. Super. 1992) (citation omitted). As such, we cannot serve as Richard's counsel and litigate his claims for him.

Upon review, Richard fails to present a coherent legal argument on appeal. Therefore, his arguments could be waived on this basis alone. ***See Commonwealth v. Walter***, 966 A.2d 560, 567 (Pa. 2009) (finding waiver where argument was vague and confusing); ***see also Commonwealth v. Puksar***, 951 A.2d 267, 293-294 (Pa. 2008) (holding that failure to make or develop argument was fatal to claim of ineffective assistance of counsel).

However, to the degree that Richard attempts to raise a challenge to the effectiveness of all prior counsel, we find his contentions waived or without merit for the reasons below.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). A PCRA court may dismiss a petition without a hearing if it concludes the petition raises no genuine issues of material fact and does not otherwise arguably justify

collateral relief. **See Commonwealth v. Cruz**, 223 A.3d 274, 277 (Pa. Super. 2019).

In his initial PCRA petition, Richard claimed he received ineffective assistance of plea counsel. On appeal, he contends the PCRA court erred in failing to find those claims meritorious, and further claims PCRA counsel was ineffective for failing to raise those allegedly meritorious claims in an amended PCRA petition. His contentions appear rooted in his belief that his conviction for third degree murder is against the weight of the evidence and alternatively that the evidence was insufficient to sustain that conviction. **See** Appellant's Brief, at 23 (re-paginated for clarity). Further, these contentions appear to be based on his belief that he was acting under a diminished capacity or an "irresistible impulse". He therefore believes plea counsel wrongly advised him to plead guilty to third-degree murder.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." **Commonwealth v. Rathfon**, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of

attorneys in criminal cases." *Id.* (internal quotation marks and citations omitted).

We presume counsel is effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. Bennett*, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Commonwealth v. Kimball*, 724 A.2d 326, 330-332 (Pa. 1999). An appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See id*., at 1163. Where, as here, the appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Rathfon*, 899 A.2d at 370 (citation omitted).

This Court has held where the record clearly shows the court conducted a thorough plea colloquy and the defendant understood his rights and the nature of the charges against him, the plea is voluntary. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether

the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. ***See id.***

Here, Richard signed a written plea colloquy in which he acknowledged he understood the nature of the charges to which he was pleading guilty, was aware of the permissible range of sentences for the offenses for which he was charged, and that he was entering the plea "knowingly, voluntarily, and intelligently". ***See*** Colloquy for Plea of Guilty, 12/11/2017 at 1. He averred he was pleading guilty of his own free will, that he understood the rights he was giving up, that he was satisfied with counsel's representation and that he understood the defenses he was giving up. ***See*** Written Guilty Plea Colloquy, at 1-4.

We note that the transcript from the guilty plea hearing does not appear in the certified record. However, we find this oversight does not affect our analysis as we find Richard, as of this date, has not officially stated he wishes to withdraw his plea. Richard did not file a motion to withdraw his guilty plea or a direct appeal challenging his guilty plea. While he briefly includes the general standard for withdrawing a guilty plea in the argument section of his brief, ***see*** Appellant's Brief, at 14, 19-23, it simply was not enough to preserve the issue. Finally, at no point, including during the instant PCRA proceedings, has Richard claimed he was actually innocent of the charges or, but for counsel's inadequate representation, he would have elected to proceed to trial.

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). As a result, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (internal quotation marks and citation omitted). Here, Richard has not shown that his decision to enter his plea was involuntary. He has therefore failed to prove prejudice. Thus, his claims of ineffective assistance of plea counsel lack merit.

Finally, Richard includes a layered ineffectiveness claim in each of his argument sections.

> Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney.
>
> Layered claims of ineffectiveness are not wholly distinct from the underlying claims[,] because proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.] In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (internal citations and quotation marks omitted). As noted above, the claims of plea

counsel ineffectiveness raised by Richard lacked merit. Accordingly, there can be no finding of ineffectiveness of PCRA counsel for failing to file a claim of trial counsel ineffectiveness that lacks merit. *See id*.

For the reasons set forth above, we conclude that Richard is entitled to no relief. The record supports the PCRA court's credibility determinations, and we agree with counsel that Richard's claims lack merit. Moreover, having conducted an independent review of the record in light of the PCRA petition, we agree that the PCRA petition is meritless.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Richard's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/30/20